**FILED**

May 24, 2021

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ lad

DEPUTY

# IN THE UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF TEXAS

## WACO DIVISION

PHILIP EMIABATA

                Plaintiff,

vs,

                             **6:21-cv-00527**

                    NO. ---------------------------

COSTCO  CORPORATION

an  Issaquah Washington Corporation,

SAMSUNG  CORPORATION

a Seoul, South Korea and Ridgefield Park Nen Jersey,

                Defendants.

-----------------------------------------------------------------------------------------

## COMPLAINT FOR DAMAGES :

1.   **STRICT LIABILITY FAILURE TO WARN**

2.   **STRICT LIABILITY DESIGN DEFECT**

3.   **NEGLIGENCE**

4.   **NEGLIGENC PER SE**

5.   **BREACH OF EXPRESS WARRANTY**

6.   **BREACH OF IMPLIED WARRANTY**

**7.   VIOLATION OF TEXAS LAW PROHIBITING CONSUMER FRAUD AND UNFAIR AND DECEPTIVE TRADE PRACTICES**

**8.   PUNITIVE DAMAGES**

## DEMAND FOR JURY TRIAL.

**COMES NOW,** Plaintiff PHILIP EMIABATA ("EMIABATA"), brings this action against the Defendants, Costco incorporated a/k/a Costco Inc., Costco incorporated, Costco Group Incorporated., in here (collectively), and Samsung incorporated a/k/a Samsung Inc., Samsung incorporated, Samsung Group Incorporated., also in here (collectively) in here both are (collectively , the "Defendants") and allege as follows: This is an action for damages relating to Defendant's Samsung development, testing, assembling, manufacturing, packaging, labeling, preparing,

Also, here Plaintiff allege as follows: This is an action for damages relating to Both Defendants (1) Costco and (2) Samsung distribution, marketing, online supplying, and/or selling online the defective product sold under the name "Costco online selling" (hereinafter "Costco Samsung Crystal UHD 7 Series TU700D 75" with Model Code-UN75TU700D, S/N 09MT3CCN901 and Made in MEXICO(SAMEX).

## <u>PARTIES</u>

1.      Plaintiff Philip Emiabata a citizen of Connecticut and resided in and continues to Domicile in Naugatuck Connecticut, in here Plaintiff purchase this said TV for his house in Texas

2.      On or about November 2020, Plaintiff underwent buying of Costco Samsung Crystal UHD 7 series TU700D 75" With mode code UN75TU700D,...in MEXICO(SAMEX) at Costco Online sale.

3.     The Costco Samsung Crystal UHD 7 series failed, broken and parked, delivery or distributed, sell a defective produce., to Plaintiff., Here Plaintiff has suffered significant emotions , pain and suffering, loss and other losses.

4.     Plaintiff was caused to undergo to buy another TV of the same size as a result of the failure of the Costco Samsung Crystal UHD 7 series manufactured by the Defendant's Samsung…made in Mexico (SAMEX) Plaintiff has suffered, expenses, pain and suffering, emotions, and other losses.

5.     Defendant Costco Incorporated a/k/a Costco, Inc. is an Washington State Corporation with a principal place of business located at  999 Lake Drive Issaquah, WA., Issaquah 98027. Defendant's Costco incorporated a/k/a Costco, Inc. regularly conducts business in the United States to include the State of Washington, and is authorized to do so and is a citizen of Washington.

6.     Defendant's Costco Incorporated is  the parent company of defendant Costco Incorporated a/k/a Costco online sale, Inc. and is an Washington Corporation with a principal place of business located at CustomerService@costco.com or www.Complaintdepartment.com.C. , CEO of Costco. Defendant's Costco Incorporated regularly conducts business in the United States include the State Washington, and is authorized to do so and is a citizen of Washington.

7.     Defendant's Costco Group, Inc. is the parent company of Defendant Costco Incorporated and Costco Incorporated and is an Washington Corporation with a principal place of business  located at 999 Lake Drive Issaquah Washington 98027. Defendant Costco Group Inc. regularly conducts business in the United States to include the State of Washington, and is authorized to do so and is a citizen of Washington.

8.     Defendant Samsung Incorporated a/k/a Samsung, Inc. is an New Jersey State Corporation with a principal place of business located at 105 Challenger Road, Ridgefield Park N.J, 07660. Defendant Samsung incorporated a/k/a Samsung, Inc. regularly conducts business in the United States to include the State of New Jersey, and is authorized to do so and is a citizen of New Jersey.

9.     Defendant  Samsung Group, Inc, is the parent company of Defendant Samsung Incorporated and Samsung Incorporated and is an New Jersey Corporation with a principal place of business located at 105 Challenger Road Ridgefield Park N.J 07660. Defendant Samsung Group Inc. regularly conducts business in the United States include the State of New Jersey, and is authorized to do so and is a citizen of New Jersey.

10.     Defendant Samsung oversea office (Headquarters') is based in 129 Samseong-ro  Yeongtong- gu Gyeonggi-do 16677 Suwon-Shi Korea, Republic of South and regularly conducts business in the United States to include the State Washington, and is authorized to do so.

11.     Hereinafter, each of the above Defendants shall be collectively referred to as "Costco/Samsung."

12.      At all times alleged herein, the Costco/Samsung defendants include any and all parent companies, subsidiaries, affiliates, division, franchise, partners, joint venturers, and organizational units of any kind, their predecessors, successors and assign and their officers, directors, employees, agents, representatives any and all other persons acting on their behalf.

13.      Costo/Samsung develops, manufactures, sells and distributes among other things TV/TV DEVICES For use in various places include the States of Texas. and TV products throughout the United States and

around the world. Costco/Samsung product at issue in this matter include the Samsung Crystal UHD 7 Series TU77D75" with Model Code-UN75TU700D All of which are used for Houses and Offices et al.

# STATEMENT OF JURISDICTION

14.      This Court has subject matter jurisdiction Under 28 U.S.C. section 1332 because the Plaintiff and the Defendants are citizen of different states, and the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), excluding interest and costs and there is complete diversity of citizenship between Plaintiff and Defendants.

15.      Federal Question  Jurisdiction, federal ingredient. Osborn v. Bank of the United States, 9 wheat. (22 U.S.) 738(1824) and  28  U.S C 1331 "American Well Works v. Layne, 241 US 257 (1916) and Louisville & Nashville R. Co. v. Mottley, 211 U. S. 149 (1908) ("Mottley Rule").

16.      Commerce Clause, pursuant to Congress authority to regulate commercial activity in four general areas relating to commerce clause

1.  Regulation of the channels of interstate commerce as in here online trade.

2.  Regulation of the instrumentalities of interstate commerce as in here

3.   Regulation of intangibles and tangibles that cross state lines also as in here.

4.  Regulation of activities that are deemed to be both economic and to have a substantial impact on interstate commerce .,

Commerce Clause : Article 1, Section 8, Clause 3 of the U. S. Constitution, the pose jurisdiction up on this Court. In re West Lynn

Creamery Inc. v. Healy,  512U.S. 186 (1994), See In Gibbons v. Ogden, 22 U.S. 1 (1824),  In Swift and Company v. United States, 196 U.S. 375 (1905) and in NFIB v. Sebelius, 567 US. 519 (2012)...Focusing on Lopez's requirement that Congress regulate only commercial activity as in here.

17.     This Court has personal jurisdiction over the Defendants under 28 U. S. C. section 1391. As all Defendants regularly conduct business in the state of Texas. Further. Defendants are present and doing business within this state and have continues and systematic contacts in this state. Defendants activities include marketing, advertising, promoting, distributing, and receiving substantial compensation and profits from sales and other acts that caused or contributed to the harm giving rise to this action. Defendants also made or caused to be made material omissions and misrepresentations and breaches of warranties in Texas to Plaintiff.

## VENUE

18.     Venue is proper in this Court under 28 U.S.C. section 1391, as a substantial part of the events or omissions giving rise to the claim occurred within this judicial district and the Defendants regularly conduct business in this District.

19.    A substantial amount of activity giving rise to the claims occurred in this District, and Defendants may be found within this District. Therefore, venue is proper in this jurisdiction under 28 U.S.C. Section 1391.

## FACTUAL BACKGROUND

6

20.     Defendants  Costco/Samsung, design, research, develop, manufacturer, test, market, advertise, promote, distribute, and sell products that are sold to and marketed to use in houses and offices ., et al. among other things Mobile Phone, TV'S of all brands

21.     The Costco/Samsung  product Samsung Crystal UHD 7 Series TU77D75" with Model Code- UN75TU700D is referred to herein as the Costco TV.

22.      Defendants sought Food and Drug Administration ("FDA") approval to market the Costco TV. And/or its components under …FDA.

23.      FDA section allows marketing of TV and it devices if the  TV or it device is substantially equivalent to other legally marketed predicate devices without formal review for the safety or efficacy of the said device. The FDA explained the difference between it section…process and the more rigorous "premarket approval" process.

24.     At all times relevant hereto the Costco TV. Were widely advertised and promoted by the Defendants as a safe and effective TV to be use in Houses cum Offices etc.  At all times relevant hereto. Defendants knew its Costco TV were  defective and knew that defect was attributable to the design's failure to withstand the normal pressure.

25.     The failure of the Costco TV is attributable, in part, to the fact that the Costco TV suffer from a design defect causing it to be unable to withstand the normal pressure which Other companies manufacture TV brands will withstand.

26.     At all times relevant hereto the Defendants failed to provide sufficient warnings and instructions that would have put Plaintiff(s) and the general public on notice of the dangers and adverse effects caused

by this said TV. Including. but not limited to the design's failure to withstand the normal pressure.

27.   The Costco/Samsung TV were designed, manufactured, distributed, sold and/or supplied by the Defendant, and was marketed while defective due to the inadequate warnings, instructions, labeling, and/or inadequate testing in light of Defendant's Knowledge of the products failure and serious adverse events.

28.   That at all times relevant hereto, the officers and/or directors of the Defendants named herein  participated in, authorized and/or directed the production and promotion of the aforementioned products when they knew or should have known of the hazardous and dangerous propensities of the said products, and thereby actively participated in the tortuous conduct that resulted in the injuries and suffered by the Plaintiff, (in here some of these officers/are (1)  Marie S., With ID # 1376T Who told me to go to  Hell on April 5 2021), on April 7 2021 one Troy who refuse to give me his ID number,  but try to give me a case number to be 210403-001714, (2) one Joseph ID # 4653458 never has the Courtesy to response to my Email.

# PLAINTIFF'S CAUSES OF ACTION

## FIRST CAUSE OF ACTION

## STRICT PRODUCTS LIABILITY- FAILURE TO WARN

29.   Plaintiff repeats and re-alleges each and every allegation of this Complaint as if set forth in full in this cause of action.

30.    Costco TV were defective and unreasonably dangerous when they left the possession of the Defendants in that they contained warnings insufficient to alert consumers, including Plaintiff, of the dangerous risks associated with the subject product, including but not limited to the risk of broken which are associated with and did cause injury ...

31.    Defendants knew or had knowledge that the warnings that were given failed to properly warn of the risks of injury of the product

32.    Plaintiff, individually  relied upon the skill, superior knowledge and judgment of the Defendants.

33    Defendants had a continuing duty to warn Plaintiff and their family of the dangers associated with the subject product.

34    Safer alternatives were available that were effective and without risks posed by Costco TV.

35.    By reason of the foregoing. Defendants are liable to the Plaintiff for damages as a result of its failure to warn and/or adequately warn the Plaintiff about the risk of injury and death caused by their defective Costco TV.

   **WHEREFORE,**  plaintiff Philip Emiabata demands judgment against the Defendants Costco/Samsung  incorporated for whatever amount he may be entitled together with costs of this action. This jurisdictional amount exceeds seventy-five thousand dollars ($75,000.01+0).

# SECOND CAUSE OF ACTION

9

36.     Plaintiff repeats and re-alleges each and every allegation of this Complaint as if set forth in full in this cause of action.

37.     Defendants have a duty to provide adequate warnings and instructions for its products including its Costco/Samsung TV, to use reasonable care to design a product that is not unreasonably dangerous to users

38.     At all times relevant to this action, Defendants designed, tested, manufactured, packaged, labeled, marketed, distributed, promoted and sold its Costco/Samsung TV, placing the devices into the stream of commerce.

39.     At all times relevant to this action, Costco/Samsung TV were designed, tested, inspected, manufactured, assembled, developed, labeled, sterilized, licensed, marketed, advertised, promoted, sold, packaged, supplied and/or distributed by Defendants in a condition that was defective and unreasonably dangerous to consumers, including Plaintiff.

39.     Costco /Samsung TVs are defective in their design and/or formulation in that they are not reasonably fit, suitable, or safe for its intended  purpose and/or its foreseeable risks exceed the benefits associated  with its design and formulation.

40.     Costco/Samsung TVS were expected to reach, and did reach, user and/or consumers, including Plaintiff, without substantial change in the defective and unreasonably dangerous condition in which they were manufactured and sold.

41.     Plaintiff and Greek worker removed the Costco/Samsung TV from the box as instructed via the Instruction for Use and in a foreseeable manner as normally intended, recommend, promoted, and marketed by the Defendants, Plaintiff received and utilized Costco TV in

a foreseeable manner as normally intended recommend, promoted, and marked by the Defendants.

42.      Costco/Samsung TVS were and are unreasonably dangerous and defective in design or formulation for their intended use in that, when they left the hands of the manufactures and/or supplier, they posed a risk of serious injury and other which could have been reduced or avoided, inter alia, by the adoption of feasible reasonable alternative design. There were safer alternative designs for the like product.

43.      The Costco/Samsung TVS were insufficiently tested and caused harmful adverse events the outweighed any potential utility.

44.      Costco/Samsung TVS as manufactured and supplied, were defective due to inadequate warnings, and/or inadequate trials, testing, and study, and inadequate reporting regarding the results of the trials, testing and study.

45.      Costco/Samsung TVS as manufactured and supplied, were defective due to its no longer being substantially equivalent to its predicate device with regard to safety and effectiveness.

46.      Costco/Samsung TVS as manufactured and supplied by the defendants are and were defective due to inadequate post-marketing warnings or instructions because, after Defendants knew or should have known of the risk of injuries from use and acquired additional knowledge and information confirming the defective and dangerous nature of its TVS , Defendants failed to provide adequate warnings to the plaintiff and the consumers, to whom Defendants was directly marketing and advertising; and further, Defendants continued to affirmatively promote their Costco/Samsung TVS as safe and effective and as safe and effective as its predicate device.

a foreseeable manner as normally intended recommend, promoted, and marked by the Defendants.

42.      Costco/Samsung TVS were and are unreasonably dangerous and defective in design or formulation for their intended use in that, when they left the hands of the manufactures and/or supplier, they posed a risk of serious injury and other which could have been reduced or avoided, inter alia, by  the adoption of feasible reasonable alternative design. There were safer alternative designs for the like product.

43.      The Costco/Samsung TVS were insufficiently tested and caused harmful adverse events the outweighed  any potential utility.

44.      Costco/Samsung TVS as manufactured and supplied, were defective due to inadequate warnings, and/or inadequate trials, testing, and study, and inadequate reporting regarding the results of the trials, testing and study.

45.      Costco/Samsung TVS as manufactured  and supplied, were defective due to its no longer being substantially equivalent to its predicate device with regard to safety and effectiveness.

46.       Costco/Samsung TVS as manufactured and supplied by the defendants are and were defective due to inadequate post-marketing warnings or instructions because, after Defendants  knew or should have known of the risk of injuries from use and acquired additional knowledge and information confirming the defective and dangerous nature of its TVS , Defendants failed to provide adequate warnings to the plaintiff and the consumers, to whom Defendants was directly marketing and advertising; and further, Defendants continued to affirmatively promote their Costco/Samsung TVS as safe and effective and as safe and effective as its predicate device.

47.     As a direct and proximate result of the Costco/Samsung TVS' defects, as described herein, Plaintiff has suffered injuries, pain and suffering/suffered emotional , harm and injuries that will continue into the future. Plaintiff has lost earnings related, because of Costco/Samsung TV'S defect.

48.     By reason of the foregoing, Defendants are liable to the Plaintiff for damages as a result of its failure to warn and/or adequately warn the Plaintiff and Public  about the risk of injuries caused by their defective Costco/Samsung TVS

**WHEREFORE:** Plaintiff  Philip Emiabata demands judgment against the Defendants  Costco Incorporated a/k/a Costco Inc.,  Costco Incorporated, and Costco Group, Inc. and Samsung Incorporated a/k/a Samsung , Inc., Samsung Incorporated, and Samsung Group, Inc. Defendants for whatever amount he may be entitled. Together with costs of this action. This jurisdictional amount exceeds seventy-five thousand dollars ($75,000.01+).

## THIRD CAUSE OF ACTION

## NEGLIGENCE

49.     Plaintiff repeats and re-alleges each and every allegation of this Complaint as if set forth in full in this cause of action.

50.     At all times relevant to this cause of action, the Costco/Samsung Defendants were in the business of designing, developing, manufacturing, marketing and selling TV  and TV devices, including its Costco/Samsung TVS

51      At all times relevant hereto, the Costco/Samsung Defendants were under a duty to act reasonably to design, develop, manufacture,

market and sell a product that did not present a risk of harm or injury to the Plaintiff and to those people receiving its Costco/Samsung TV

52.    At the time of manufacture and sale of the Costco/Samsung TVS, the  Defendants knew or reasonably should have known the Costco/Samsung TV:

   a.  was designed and manufacture in such a manner so as to present an unreasonable risk of broken of portions of the device, as aforesaid; and/or

   b.  was designed and manufacture so as to present an reasonable risk of broken of the device and/or portions of the device, as aforesaid; and/or

   c. was designed and manufactured to have unreasonable and insufficient strength or structural integrity to withstand normal pressure when place into box or shipping.

   d  was designed and manufactured so as to present an unreasonable risk of broken and damage.

53.    Despite the aforementioned duty on the party of the Defendants they committed one or more breaches of their duty of reasonable care and were negligent in;

   a.  unreasonably and carelessly failing to properly warn of the dangers and risks of harm associated  with the Costco/Samsung TV'S, Specifically its incidents broken, cause serious injuries and other failure.

   b.    unreasonably and carelessly manufactured a product that was insufficient in strength or structural integrity to withstand the foreseeable use of normal (place in box)

c.    unreasonably and carelessly designed a product that was insufficient in strength or structural integrity to withstand the foreseeable use of normal shipment.

d.   unreasonably and carelessly designed a product that presented a risk of harm to the Plaintiff and others similarly  situated in that was prone to fail.

54.      As a direct and proximate result of the Costco/Samsung TV'S defects, as described herein, Plaintiff suffered injuries, pain and suffering, emotion. Plaintiff has suffered emotional traumas, harm. And injuries that will continue if not treated , Plaintiff has lost earnings  in here related to care because of the Costco/Samsung TVS Defects.

55.     By reason of the foregoing, Defendants are liable to the Plaintiff for damages as a result of its failure to warn and/or adequately warn the Plaintiff about the increased risk of serious injury by their defective TV..

**WHEREFORE,**   the plaintiff Philip Emiabata demands judgment against the Defendants Costco Incorporated a/k/a Costco Inc., Costco Incorporated, and Costco Group, Inc., and Samsung Incorporated a/k/a Samsung Inc., Samsung Incorporated and Samsung Group, Inc., for whatever amount he may be entitled, together with costs of this action. This jurisdictional amount exceeds seventy-five thousand dollars ($75,000.0+).

## FOURTH CAUSE OF ACTION

### NEGLIGENCE PER SE

(Violation of 21 U.S.C.  Section 321, 331, 352 and 21 C.F.R. Section 1.21, 801, 803, 807, 820)

55.      Plaintiff repeats and re-alleges each and every allegation of this Complaint as if set forth in full in this cause of action.

56.     At all times herein mentioned, Defendants had an obligation not to violate the law, including the Federal Food, Drug and Cosmetic Act and the applicable regulations in the manufacture, design, testing, production, processing, assembling, inspection, research, promotion, advertising, distribution, marketing, promotion, labeling, packaging, preparation for use, consulting, sale, warning and post-sale warning and other communications of the risks and dangers of Costco/Samsung TV.

57.     By reason of its conduct as alleged herein, Costco/Samsung violated provisions of statutes and regulations, including but not limited to the following:

    a.    Defendants violated the Federal Food, Drug and Cosmetic Act, 21 U.S.C. Section 331 and 352, by misbranding its Costco/Samsung TV.

    b.    Defendants violated the Federal Food, Drug and Cosmetic Act, 21 U.S.C. Section321 in making statements and/or representations via word, design, device or any combination thereof failing to reveal material facts with respect to the consequences that may result from the use of Costco/Samsung TV'S to which the labeling and advertising relates;

    c.    Defendants violated the 21 C.F.R. Section 1.21 in misleading the consumers and patients by concealing material facts in light of representations made regarding safety and efficacy of its Costco/Samsung TV.

    d.    Defendants violated the 21 C.F.R. Section 801 in mislabeling its Costco/Samsung TV'S  as to safety and effectiveness of its products and by failing to update its label to reflect post-marketing evidence that Costco/Samsung TV'S were associated with an increased risk of injuries due to  boxing for shipping (shipment) and broken.

e.    Defendants violated the 21 C.F.R. Section 803 by not maintaining accurate TVS  device reports regarding adverse events of the box tilting when shipping and broken, and/or misreporting these adverse events maintained via the TV' device reporting system;

f.    Defendants violated the 21 C.F.R. Section 807 by failing to notify the FDA and/or the consuming public when its Costco/Samsung TVS were no longer substantially equivalent with regard to safety and efficacy with regard to post-marketing adverse events and safety signals;

g.    Defendants violated the 21 C.F.R. Section 820 by failing to maintain adequate quality systems regulation including, but not limited to, instituting effective corrective and preventative actions.

**WHEREFORE,**  the Plaintiff Philip Emiabata demands judgment against the Defendants    Costco Incorporated a/ka/ Costco Inc., Costco Incorporated, and Costco Group, Inc., and Samsung Incorporated a/k/a Samsung Inc., Samsung Incorporated, and Samsung Group,  for whatever amount he may be entitled, Together with costs of this action. This jurisdictional   amount   exceeds   seventy-five   thousand   dollars ($75,000.01+).

## FIFTH CAUSE OF ACTION

## BREACH OF EXPRESS WARRANTY

58.    Plaintiff repeats and re-alleges each and every allegation of this Complaint as if set forth in full in this cause of action.  Plaintiff,  Costco purchased a COSTCO/Samsung TVS from the Costco Defendants

59.    At all times to this cause of action, the Costco Defendants were merchants of goods of the kind including Costco/Samsung TVS

60.    At the time and place of sale, distribution and supply of the Costco/Samsung TVS to Plaintiff, the Defendants expressly represented

and warranted in their Marketing materials, both written and orally, that the Costco/Samsung TV'S was safe, well-tolerated, efficacious, and fit for its intended purpose and was of marketable quality, that it did not produce any unwarranted-of dangerous side effects, and that it was adequately tested.

59.     At the time of Plaintiff's purchase from Defendants, the Costco/Samsung TV were not in a merchantable condition and defendants breached its expressed warranties, in that:

a. it was designed in such a manner so as to be prone to a unreasonably high incident of broken when shipping;

b.   It was designed in such a manner so as to result in a unreasonably of injury of its  purchaser; and

c   It was manufactured in such a manner so that the exterior surface of the Costco/Samsung TVS  was inadequately, improperly and inappropriately designed causing the TVS to weaken and fail (broken when shipping)

60.     By reason of the foregoing. Defendants are liable to the Plaintiff for damages as a result of its breach express warranty.

**WHEREFORE,** the Plaintiff Philip Emiabata demands judgment against the Defendants Costco Incorporated a/k/a Costco Inc., Costco Incorporated, and Costco Group, Inc., and Samsung Incorporated a/k/a Samsung Inc., Samsung Incorporated, and Samsung Group, Inc., for whatever amount he may be entitled, together with costs of this action. This jurisdictional amount exceeds seventy-five thousand dollars ($75,000.01+).

## SIXTH CAUSE OF ACTION

## BREACH OF IMPLIED WARRANTY

61.     Plaintiff repeats and re-alleges each and every allegation of this Complaint as if set forth in full in this cause of action.

62.      At all relevant and material times, Defendants manufactured, distributed, advertised, promoted. And sold its Costco/Samsung TVS  be used in the manner that Plaintiff in fact used them.

63.     Defendants impliedly warranted its TV to be of merchantable quality, safe and fit for the use for which the Defendants intended them and Plaintiff in fact used.

64.     Defendants breached its implied warrants as follows:

    a.  Defendants failed to provide the warning or instruction and/or an adequate warning or instruction which a manufacturer exercising reasonable care would have provided concerning that risk, in light of the likelihood that its Costco/Samsung TVS would cause harm;

    b.   Defendants manufactured and/or sold its Costco/Samsung TVS and said  TVS did not conform to representations made by the Defendant when it left the Defendant's control;

    c.    Defendants manufactured and/or sold its Costco/Samsung TV'S which were more dangerous than an ordinary consumer would expect when used in an intended or reasonably foreseeable manner, and the foreseeable risks associated with the Costco/Samsung TVS design or formulation exceeded the benefits associated with that design.

These defects existed at the time the product left the Defendant's control; and

d.      Defendants manufactured and/or sold its Costco/Samsung TVS when it deviated in a material way from the design specifications, formulas or performance standards or form otherwise identical units manufactured to the same design specification, formulas, or performance standards, and these defects existed at the time the product left the Defendant's control.

65.     Further, Defendants' marketing of its Costco/Samsung TVS was false and/or misleading.

66.     Plaintiff through her attending physicians relied on these representations in determining which Costco/Samsung TVS to be use for houses in the Plaintiff House.

67.     Defendants TV were unfit and unsafe for use by users as it posed an unreasonable and extreme risk of injury to persons using said products, and accordingly Defendants breached their expressed warranties and the implied warranties associated with the product.

68.     The foregoing warranty breaches were a substantial factor in causing Plaintiff's injuries and damages as alleged,

69.     As a direct and proximate result of the Costco/Samsung TVS defects, as described herein, Plaintiff has suffered injuries, pain and Plaintiff has suffered emotional   trauma, harm and injuries . Furthermore, Plaintiff has lost earning  related to care because of the Costco/Samsung TV's defect.

70. By reason of the foregoing, Defendants are liable to the Plaintiff for damages as a result of its breaches of implied warranty.

WHEREFORE, the plaintiff Philip Emiabata demands judgment against the Defendants Costco Incorporated a/k/a Costco Inc., Costco

19

Incorporated, and Costco Group, Inc., and  Samsung Incorporated a/k/a Samsung, Inc., Samsung    Incorporated, and Samsung Group, Inc., for whatever amount he may be entitled, together with costs of this action. The  jurisdictional  amount  exceeds  seventy-five  thousand  dollars ($75,000.01+).

## SEVENTH CAUSE OF ACTION

## VIOLATION OF TEXAS LAW PROHIBITING CONSUMER FRAUD AND UNFAIR AND DECEPTIVE TRADE PRACTICES

71.    Plaintiff repeats and re-alleges each and every allegation of this Complaint as if set forth in full in this cause of action.

72.    Defendants had a statutory duty to refrain from unfair or deceptive acts or practices in sale and promotion of Costco/Samsung TVs to Plaintiff.

73.    Defendants engaged in unfair, unreasonable. Deceptive, fraudulent and misleading acts or practices in violation of all states' consumer protection laws, identified below.

74.    Through  its  false,  untrue  and  misleading  promotion  of Costco/Samsung TVs, Defendants induced Plaintiff to purchase and/or pay for the purchase of Costco/Samsung TV's.

75.    Defendants misrepresented the alleged benefits and characteristics of Costco/Samsung TVs; suppressed, omitted, concealed, and failed to disclose material information concerning known adverse effects of Costco/Samsung TVs; misrepresented the quality and efficacy of Costco/Samsung TVs as compared to much lower-cost alternatives; misrepresented and advertised that Costco/Samsung TVs was of a particular standard, quality, or grade that

it was not; misrepresented Costco/SAMSUNG TVs in such a manner that later, on disclosure of the true facts, there was a likelihood that Plaintiff would have opted for an alternative TVs or method of preventing  broken when shipping.

76.     Defendants' conduct created a likelihood of, and in fact caused, confusion and misunderstanding. Defendants' conduct misled, deceived and damaged Plaintiff, and Defendants' fraudulent. Misleading and deceptive conduct was perpetrated with an intent that Plaintiff rely on said  conduct  by  purchasing  and/or  paying  for  purchases  of Costco/Samsung TVs,. Moreover, Defendants knowingly took advantage of Plaintiff who was reasonably unable to protect her interests due to ignorance of the harmful adverse effects of the Costco/Samsung TVs.

77.     Defendants' conduct was willful, outrageous, immoral, unethical, oppressive, unscrupulous, unconscionable and substantially injurious to Plaintiff and offends the public conscience.

78.     Plaintiff purchased Costco/Samsung TVs primarily for personal, family, or household purposes.

79.     As a result of Defendants violative conduct, Plaintiff purchased and/or paid for purchase of the Costco/Samsung TVs that was not made for resale,

80.     Defendants engaged in unfair competition or deceptive acts or practices in violation of TEX, Civ. Code (the  "Consumer Legal Remedies Act"), and TEX. Bus. & Pro. Code.

        **WHEREFORE**, the Plaintiff Philip Emiabata demands judgment against the Defendants Costco/Samsung Incorporated a/k/a Costco, Inc., Costco Incorporated, and Costco/Samsung Group, Inc., and

Samsung Incorporated a/k/a Samsung Inc., Samsung Incorporated and Samsung Group, in. for whatever amount he may be entitled, together with costs of this action. This jurisdictional amount exceeds seventy-five Thousand dollars ($75,000.01+).

# EIGHT CAUSE OF ACTION

## PUNITIVE DAMAGES

81.     Plaintiff repeats and re-allergies each and every allegation of this Complaint as if set forth in full in this cause of action.

82.     At all times material hereto, Defendants knew or should have known that it's Costco/Samsung TVs were inherently dangerous with respect to the risk of  broken.

83.     At all times material hereto, Defendants attempted to misrepresent and did knowingly misrepresent facts concerning the safety of its Costco/Samsung TVs

84.     Defendants misrepresentation included knowingly withholding material information from the business community and the public, including Plaintiff's, concerning the safety of its Costco/Samsung TVs. The Defendants conduct was willful, wanton, and undertaken with a conscious indifference to the consequences that consumers of their product faced, including Plaintiff.

85.     At all times material hereto, defendants knew and recklessly disregarded the fact that its Costco/Samsung TVs have an unreasonably high rate of broken.

86.    Notwithstanding the foregoing, Defendants continued to market its Costco/Samsung TVs aggressively to consumers, including Plaintiff, without disclosing the aforesaid effects.

87.    Defendants knew of its TV lack of warnings regarding the risk of broken, but it intentionally concealed and/or recklessly failed to disclose that risk and continued to market, distribute, and sell its TVS without said warnings so as to maximize sales and profits at the expense of the health and safety of the public, including Plaintiff, in conscious disregard of the foreseeable harm caused by Costco/Samsung TVs.

88.    Defendants' intentional and/or reckless failure to disclose information deprived Plaintiff's  information to enable him to weigh the true risks of using Costco/Samsung TVs against its benefits.

89.    As a direct and proximate result of Defendants' willful, wanton, careless, reckless, conscious, and deliberate disregard for the safety and rights of consumers including Plaintiff, have suffered and will continue to suffer severe and emotional injuries, as described with particularity, above. Plaintiff has endured and will continue to endure pain, and lost wages.

90.    Defendants aforesaid conduct was committed with knowing, conscious , careless, reckless, willful, wanton, and deliberate disregard for the safety and rights of consumers including Plaintiff, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish Defendants and deter them from similar conduct in the future.

## **PRAYER FOR DAMAGES**

The Plaintiff Philip Emiabata demands judgment against the Defendants Costco Incorporated a/k/a  Costco Inc., Costco Incorporated, and Costco

Group, Inc., and Samsung Incorporated a/k/a Samsung, Inc., Samsung Incorporated, and Samsung Group, Inc., for whatever amount he may be entitled, including punitive damages if deemed applicable, together with costs of this action. The jurisdictional amount exceeds seventy-five thousand dollars ($75,000.01+)

## DEMAND FOR JURY TRIAL

The Plaintiff respectfully requests a trial by jury in the above case as to all issues.

Dated: May 20, 2021

Respectfully submitted.

Philip Emiabata

P.O. Box 6472 Round Rock, TX 78682

Tel. (203)610-9605 or (512)791-2395.

Email: philipemiabata@yahoo.com

24

$7.95    4870200664-09

**PRIORITY MAIL 2-DAY®**

0 Lb 6.00 Oz

1004

EXPECTED DELIVERY DAY: 05/24/21

C096

SHIP
TO:
800 FRANKLIN AVE
Waco TX 76701-1936

**USES TRACKING® #**



9505 5134 0686 1140 8562 10

deliv
IACK
onal

nternational insurance.

available.*

pplies online.*

ed internationally, a customs
on label may be required.

ic only



EP14F Oct 2018
QD: 12 1/2 x 9 1/2
USPS COM/PICKUP

FROM: Philip Emiabata

P.O. Box 647

Round Rock Tx 78682

RECEIVED

MAY 2 4 2021

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

TO: The Clerk Office

IN THE UNITED STATES

DISTRICT COURT at WACO

800 FRANKLIN AVE SUITE 304

WACO TX 76701

cl (254) 750-1501

To schedule free
Package Pickup,
scan the QR code.



This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® shipments.
Misuse may be a violation of federal law. This packaging is not for resale. EP14F © U.S. Postal Service; October 2018; All rights reserved.


